# Mt. Olive and Staunton Coal Co. v. Eliza Rademacher, Widow, etc.

1. INSTRUCTIONS—*Harmless Error.*—An instruction, the giving of which works no injury to the party complaining, is not to be regarded as reversible error.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

CHARLES W. THOMAS, attorney for appellant.

LANE & COOPER, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellee recovered a judgment of $3,000 against appellant on account of the death of her husband, caused by the falling of slate from the roof of a coal mine entry while he was working in appellant's mine.

The circumstances under which Rademacher met his death are set forth in the case of Mt. Olive and Staunton Coal Company v. Herbeck, *ante*, p. 441. We hold appellant is liable in this case for the reasons appearing in the opinion in that case.

Counsel for appellant, in addition to the contentions urged in that case for a reversal of the judgment, insist that the court erred in this case in giving appellant's second instruction. The instruction told the jury that if they should believe from the evidence that the plaintiff had proven her case as laid in the declaration, then they should find the issues for the plaintiff. The objection urged by the counsel is that it ignored the defense set up by appellant, *i. e.*, that Rademacher had specially contracted to take down the slate that injured him. Without making any observations as to the legality of an agreement to dispense with props when necessary in "driving" an entry, it is sufficient to say that the jury found, in answer to a special interrogatory, that Rademacher was not specially employed to take down the slate. Even if the instruction were objectionable, it worked no harm to appellant. Judgment affirmed.